**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JESUS SANDATE,**

                  **Plaintiff,**

**-vs-**                                                     **Case No. 6:06-cv-601-Orl-31DAB**

**MAKOTEK, LLC,**

                  **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION FOR AN ORDER PERMITTING COURT SUPERVISED NOTICE TO EMPLOYEES OF THEIR OPT-IN RIGHTS (Doc. No. 25)**
>
> **FILED:** July 28, 2006
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiff sued Defendant, a provider of field services to the broadband industry, under the Fair Labor Standards Act (FLSA) for unpaid overtime compensation he allegedly earned as a technician for Defendant. Plaintiff brought suit individually and on behalf of other similarly situated technicians who are and were employed by Defendant during the three years preceding the suit. Plaintiff seeks conditional certification of a collective action and an order permitting notice to all technicians paid on a "piece rate basis" employed by Defendant over the last three years who were "subjected to

Defendant's practice of not paying time and one-half overtime compensation, for hours worked in excess of fifty (50) in a workweek." Doc. No. 25 at 1.

Defendant opposes the collective action and notice to other employees based on deficiencies in the affidavits filed in support of Plaintiff's motion and the uniqueness of Defendant's separate operations which cuts against the similarly situated nature of the proposed class.

Title 29 U.S.C. 216(b) provides a right of action to recover unpaid minimum wages, unpaid overtime compensation, and for other relief if retaliation is at issue. The Act provides:

> An action to recover the liability [for unpaid overtime] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C.§ 216(b).

The nature of this provision is to provide an "opt-in" procedure, which differs from Rule 23 class action opt-out procedures. Thus, FLSA plaintiffs may not certify a class under Rule 23. *Prickett v. Dekalb County,* 349 F. 3d 1294 (11th Cir. 2003). As these actions are "collective actions," not Rule 23 class actions, they are not subject to numerosity, commonality, and typicality requirements, and a named plaintiff is not entitled to "represent" other plaintiffs in a class sense. *See Cameron-Grant v. Maxim HealthCare Services, Inc.,* 347 F.3d 1240, 1248-49 (11th Cir. 2003). The Eleventh Circuit has interpreted the opt-in language as creating additional party plaintiffs for all purposes:

> That plain language indicates that plaintiffs do not opt-in or consent to join an action as to specific claims, but as to the action as a whole. The statute does not indicate that opt-in plaintiffs have a lesser status than named plaintiffs insofar as additional claims are concerned. To the contrary, by referring to them as "party plaintiff[s]" Congress indicated that opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs.

*Prickett,* 349 F. 3d at 1297.  The filing of a consent establishes the additional claim for statute of limitations purposes.  Thus, in cases where there are only a few employees with claims, this permissive joinder procedure appears to be used so that the Court can exercise jurisdiction over the opt-in claim to adopt any settlement agreement, if the case is settled early, before a full blown collective action is underway.

Where the "collective class" is numerous, the two-tiered approach set forth in *Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F. 3d 1208 (11th Cir. 2001), and its progeny applies.  In summary, this involves a two-stage process to "certify" the collective action: the first determination is the "notice stage," in which the district court makes a determination as to whether notice of the action should be given to potential collective class members.  *Id.* at 1218.  If the district court "conditionally certifies" the collective class, putative members are given notice and a chance to opt in.  *Id.*  The action proceeds as a representative action through discovery.  A second determination is usually made after a motion for "decertification" is made by the employer.  The district court must determine if the plaintiffs are "similarly situated."  *Id.* at 1217.  If so, the action proceeds to trial as a representative action.  If not, the district court "decertifies" the collective class, and the opt-in plaintiffs are dismissed, without prejudice.  The case proceeds on the individual claims of the original plaintiffs. *Hipp*, 252 F.3d at 1218.

The Court must determine in this case whether a "similarly situated class" exists pursuant to 29 U.S.C. § 216(b).  *See id.* at 1217.  Plaintiff describes two affidavits, from Plaintiff Jesus Sandate, and another former technician, Hunter Harris.[1]  Plaintiff failed to file the affidavits on which he relies

---

[1] Plaintiff previously attempted to file Harris' Notice of Consent to Join on June 6, 2006.  Doc. No. 9.  The Consent was stricken by the District Judge on July 13, 2006.  Doc. No. 21.  Plaintiff filed this Motion for Court Certified Notice on July 28, 2006 and a renewed notice of filing Notice of Consent to Join executed by Hunter Harris on August 8, 2006.  Doc. No. 27.

so heavily and the Motion could be denied on that basis alone. However, even if the Court were to reach the merits of Plaintiff's Motion, it should be denied.

From the description in the Motion, the two former employees attest that they were "laborers" who performed cable disconnection and collection services for Defendant's customers and were paid on a piece rate basis. Doc. No. 25 at 4. They apparently attest that during their employment, they typically worked in excess of fifty hours per work week, and they were not paid overtime pay for hours worked in excess of fifty per work week. *Id.* They also apparently attest that they observed "numerous" other similarly situated technicians who were not paid overtime for work in excess of fifty hours per week. *Id*. at 4, 8.

Plaintiff is vague about the size of the putative collective class or the number of (former and current) employees affected by Defendant's alleged failure to pay overtime. Although the "similarly situated" requirement of § 216(b) is more elastic and less stringent than the requirements found in Rule 20 (joinder) and Rule 42 (severance), *Hipp*, 252 F.3d at 1219, for cases where there are only a few employees with claims, the permissive joinder procedure is used so that the Court can exercise jurisdiction over the opt-in claim to adopt any settlement agreement, if the case is settled early. As a preliminary matter, "plaintiffs have the burden of demonstrating a reasonable basis for crediting their assertions that aggrieved individuals existed in the broad class that they proposed." *Haynes v. Singer Co., Inc.,* 696 F.2d 884, 887 (11th Cir. 1983) (collective class rejected where defendant store employed only four to six employees).

A showing that others desire to opt in is required before certification and notice will be authorized by the court. *Id.* Evidence of other employees who desire to opt in may be based on affidavits, consents to join the lawsuit, or expert evidence on the existence of other similarly-situated

employees. *Davis v. Charoen Pokphand (USA), Inc.,* 303 F.Supp.2d. 1272, 1277 (M.D. Ala. 2004). A plaintiff's or counsel's belief in the existence of other employees who desire to opt in and "unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify" certification of a collective action and notice to a potential class. *Mackenzie v. Kindred Hosp. East, L.L.C.,* 276 F.Supp.2d 1211, 1220 (M.D. Fla. 2003) (*citing Haynes,* 696 F.2d at 887); *Horne v. United Servs. Auto. Ass'n,* 279 F.Supp.2d 1231, 1236-37 (M.D. Ala. 2003). Certification of a collective action and notice to a potential class is not appropriate to determine whether there are others who desire to join the lawsuit. *See Mackenzie,* 276 F.Supp.2d at 1220 (citing *Dybach v. State of Fla. Dep't of Corrections,* 942 F.2d 1562, 1567-68 (11th Cir. 1991)).

Defendant argues that Plaintiff was not paid on a "piece rate" basis as a "laborer." Plaintiff was employed a technician whose primary duty was contacting cable television subscribers of Defendant's customers, mainly residential, for additional installation, disconnection, cessation of services, or for delinquent accounts. Doc. No. 26 at 15 (Rettstadt Aff.). Technicians are paid rates for a list of tasks and a percentage commission on money they collect from delinquent accounts. *Id.* at 3. Defendant aggregates all amounts earned by each Technician per week divides it by the number of hours worked per week to reach the regular rate of pay for the week. *Id.* Technicians are paid overtime for all hours over forty in a workweek. *Id.* Each technician when hired it asked not to work more than fifty hours in a workweek without receiving advance authorization from local management. *Id.* Affidavits from Defendant's managers report that Defendant has two separate divisions in Florida, which are separately managed and supervised, and Plaintiff was only employed in one, the Central Florida operation. Doc. No. 26 at 18-19 (Dilly Aff.). Defendant proffers the affidavits of six current

and former technicians with various tenures at Defendant who state that they were paid overtime for all hours worked and have no desire to be involved in Plaintiff's lawsuit.  Doc. No. 26 at 23-34.

Plaintiff has not shown with any specificity that the putative class warrants "collective class" status, as opposed to the Court allowing the one additional individual who has filed a consent to join to merely opt-in and join the case as additional named Plaintiff at this stage in the litigation. *See Rodgers v. CVS Pharmacy, Inc.*, Case No. 8:05cv770T-27MSS, __ F. Supp. 2d __, 2006 WL 752831 (M.D. Fla. Mar. 23, 2006) (Whittemore, J.) (plaintiff's affidavit and the affidavits of two other co-workers – the only two to file consents to join during the prior year – were insufficient evidence that there were other employees who desired to opt in to lawsuit); *White v. KCPAR, Inc*., __ F. Supp. 2d __, 2006 WL 1722348 (M.D. Fla. June 20, 2006) (Conway, J.) (holding plaintiff failed to show a reasonable basis for assertion that broad, similarly-situated class existed based on only two affidavits from former employees but allowing those two to opt-in to lawsuit); *cf. Lee v. Mack Const. Services, Inc.*, 2006 WL 1804589 (M.D. Fla. June 27, 2006) (vacating conditional certification after only two employees, not similarly situated, filed consents to join);  *Bell v. Mynt Entm't, LLC,* 223 F.R.D. 680, 683 (S.D. Fla. 2004) (affidavits from seven plaintiffs indicating others desired to opt in and detailing allegations of wage violations were sufficient); *Harper v. Lovett's Buffet, Inc.,* 185 F.R.D. 358, 362-63 (M.D. Ala. 1999) (fifteen affidavits by employees with specific allegations of wage violations were sufficient); *see also Realite v. Ark Restaurants Corp*., 7 F. Supp.2d 303 (S.D.N.Y. 1998) (thirty-seven named plaintiffs from fifteen restaurants already named); *Belcher v. Shoney's, Inc.*, 927 F. Supp. 249, 252 (M.D. Tenn. 1996) (plaintiff submitted twenty-four affidavits to show a class of employees existed who had been worked "off the clock" by the employer); *Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F.Supp.2d 101, 104 (S.D.N.Y. 2003) (plaintiff identified by name current or

former meat department employees who held the same or similar positions, some with the exact same job titles, who were not paid for overtime). Moreover, Plaintiff has failed to file the proposed "Notification" letter and "Notice of Consent to Join" form, which were not attached as exhibits to his Motion. *See* Doc. No. 25 at 9.

In conclusion, Plaintiff has failed to show a reasonable basis for crediting his assertion that there are other "aggrieved individuals" existing in the broad class that is proposed, other than the one individual who has filed a consent to join. *See Haynes*, 696 F.2d at 887. It is respectfully **RECOMMENDED** that Plaintiff's Motion for an Order Permitting Court Supervised Notice to Employees of Their Opt-In Rights be **DENIED** and the Notice of Consent to Join (Doc. No. 27) by Hunter Harris be **ACCEPTED** and he be added as a party Plaintiff.[2]

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 6, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[2] The Clerk's office appears to have inadvertently added Harris as a party Plaintiff without direction from the Court. *See* docket entry following Doc. No. 27.